# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
REGENNA A. JALON

## DEFENDANTS
TRUEBRIGHT SCIENCE ACADEMY CHARTER SCHOOL

**(b)** County of Residence of First Listed Plaintiff  MONTGOMERY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  PHILADELPHIA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
SIDNEY L. GOLD, ESQUIRE/ SIDNEY L. GOLD & ASSOC., P.C.
1835 MARKET ST., STE 515, PHILA., PA 19103
TELEPHONE (215) 569-1999  sgold@discrimlaw.net

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- X 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff, and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | X 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | x 442 Employment | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- x 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
TITLE VII / TITLE VII
Brief description of cause:
Employment Discrimination

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
**DEMAND $** 150,000
CHECK YES only if demanded in complaint:
**JURY DEMAND:** x Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: February 25, 2013
SIGNATURE OF ATTORNEY OF RECORD: /s/Sidney L. Gold, Esquire  X

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

UNITED STATES DISTRICT COURT

APPENDIX A

FOR THE EASTERN DISTRICT OF PENNSYLVANIA -DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: **1848 Horace Ave., 2nd Floor, Abington, PA 19001**

Address of Defendant: **926 W. Sedgley Ave., Philadelphia, PA 19132**

Place of Accident, Incident or Transaction: **926 W. Sedgley Ave., Philadelphia, PA 19132**
(Use Reverse Side For Additional Space)

Does this case involve mutidistrict litigation possibilities?   Yes☐   No☒
RELATED CASE, IF ANY:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included n an earlier numbered suit pending or within one year previously terminated action in this court?
  Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
  Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suitor any earlier numbered case pending or within one year previously terminated action in this court?
  Yes☐   No☒

CIVIL: (Place X in ONE CATEGORY ONLY)

A. *Federal Question* Case&
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify)

B. Diversity *Jurisdiction* Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability -Asbestos
9. ☐ All other Diversity Cases
(Please specify)

ARBITRATION CERTIFICATION
(Check appropriate Category)

**SIDNEY L. GOLD, ESQUIRE** , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum d $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: **February 25, 2013**   /s/SIDNEY L. GOLD, ESQUIRE   SLG-21374
  Attorney-at-Law   Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previous ly terminated action in this court except as noted above.

DATE: **February 25, 2013**   /s/SIDNEY L. GOLD, ESQUIRE   SLG-21374
  Attorney-at-Law   Attorney I.D.#

CIV. 609 (9/99)

APPENDIX A

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA -DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: **1848 Horace Ave., 2nd Floor, Abington, PA 19001**

Address of Defendant: **926 W. Sedgley Ave., Philadelphia, PA 19132**

Place of Accident, Incident or Transaction: **926 W. Sedgley Ave., Philadelphia, PA 19132**

(Use Reverse Side For Additional Space)

Does this case involve mutidistrict litigation possibilities?     Yes ☐   No ☒
RELATED CASE, IF ANY:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included n an earlier numbered suit pending or within one year previously terminated action in this court?
    Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
    Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
    Yes ☐   No ☒

CIVIL: (Place X in ONE CATEGORY ONLY)

A. *Federal Question* Cases&

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify)

B. *Diversity Jurisdiction* Cases:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability -Asbestos
9. ☐ All other Diversity Cases
(Please specify)

ARBITRATION CERTIFICATION
(Check appropriate Category)

**SIDNEY L. GOLD, ESQUIRE** _____, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum d $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: **February 25, 2013**     /s/SIDNEY L. GOLD, ESQUIRE     SLG-21374
                                        Attorney-at-Law                             Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previous ly terminated action in this court except as noted above.

DATE: **February 25, 2013**     /s/SIDNEY L. GOLD, ESQUIRE     SLG-21374
                                        Attorney-at-Law                             Attorney I.D.#

CIV. 609 (9/99)

IN THE- UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

REGENNA A. JALON, Plaintiff                                      CIVIL ACTION

v.

TRUEBRIGHT SCIENCE ACADEMY CHARTER SCHOOL, Defendant

                                                                 NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. § 2241 through §2255.                                           ( )

(b) Social Security - Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.                ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.                    ( )

(c) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos.           ( )

(d) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)                                               ( )

(e) **Standard Management -- Cases that do not fall into any one of the other tracks.**                           (X)

February 25, 2013                              /S/SIDNEY L. GOLD, ESQUIRE
Date                                           Attorney-at-law

                                               /S/SIDNEY L. GOLD, ESQUIRE
                                               Attorney for Plaintiff

Wiy. 660) 7195

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REGENNA A. JALON, | : | CIVIL ACTION NO.: |
| *Plaintiff*, | : | |
| vs. | : | |
| TRUEBRIGHT SCIENCE ACADEMY CHARTER SCHOOL, | : | |
| | : | JURY TRIAL DEMANDED |
| *Defendant*. | : | |

## COMPLAINT AND JURY DEMAND

### I. PRELIMINARY STATEMENT

1. This is an action for an award of damages, attorneys' fees, and other relief on behalf of Plaintiff, Regenna A. Jalon, a current employee of Defendant, TrueBright Science Academy Charter School, who has been harmed by Defendant's unlawful employment actions, as set forth herein below.

2. This action is brought under Title VII of the Civil Rights Act of 1964 and 1991, as amended ("Title VII"), 42 U.S.C. §2000(e), et seq., the Equal Pay Act, 29 U.S.C. §206(d), the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951, et seq., and the Pennsylvania Whistleblower Law, 43 P.S.§1421 et seq.

### II. JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to 28 U.S.C. §1331 and §1391 as Plaintiff's claims are substantively based on Title VII and the Equal Pay Act.

4. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff claims arising under the PHRA and the Pennsylvania Whistleblower Law.

5. Plaintiff was entitled to and requested a Right to Sue Letter from the U.S. Equal Employment Opportunity Commission on January 11, 2013.

### III. PARTIES

6. Plaintiff, Regenna A. Jalon ("Plaintiff"), is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 1848 Horace Avenue, Second Floor, Abington, Pennsylvania 19001.

7. Defendant, Truebright Science Academy Charter School ("Defendant"), is an educational institution existing under the laws of the Commonwealth of Pennsylvania, maintaining a place of business located at 926 West Sedgley Avenue, Philadelphia, Pennsylvania 19132.

8. At all times relevant hereto, Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of Defendant.

9. At all times material herein, Defendant is and has been an "employer" as defined under Title VII and PHRA, and is accordingly subject to the provisions of each said Act.

10. Furthermore, Defendant is an "employer" and "agent of a public body" within the meaning of the Pennsylvania Whistleblower Law in that it receives funding from the Commonwealth of Pennsylvania.

## IV. STATEMENT OF FACTS:

11. Plaintiff, an American female, has been employed by Defendant since on or about December 11, 2008.

12. Defendant is a small Charter School. Approximately one-third (1/3) of Defendant's teachers are of Turkish ancestry. Additionally, Defendant's entire Board of Trustees are of Turkish ancestry.

13. During the course of her employment with Defendant, Plaintiff held the positions of Teacher, English Department Chair, and High School Faculty Leader and at all times performed her job duties in an exceptional manner.

14. Throughout Plaintiff's employment with the Defendant, the Defendant engaged in a pattern and practice of discrimination against female and non-Turkish individuals, including, but not limited to, Plaintiff. In particular, the Defendant intentionally and systematically denied promotions and equal pay to female and non-Turkish individuals based solely on their gender and national origin, in a concerted effort to deprive said individuals of earning power equivalent to similarly-situated Turkish male employees.

15. By way of illustration, Defendant pays Plaintiff and other similarly situated American female teachers significantly less in salary and wages than less qualified Turkish male teachers.

16. For example, Plaintiff has six (6) years of experience and earns a salary of $42,000 per annum. Yet, Mehmet Yaramis ("Yaramis"), a Turkish male Teacher, with only three (3) years of experience, earns an annual salary of $49,500.

17. Plaintiff believes and therefore avers that she has been denied equal pay on the basis of her gender (female), despite performing the same job functions and holding the same title as certain similarly situated male employees.

18. Furthermore, in or about July of 2010, Plaintiff applied for a promotion to the position of Dean of Academics.

19. At all times relevant, Plaintiff remained well qualified for said promotion. Despite said excellent qualifications, Defendant hired Tansu Cidav ("Cidav"), a significantly less qualified Turkish male.

20. Subsequently, on or about March 7, 2011, Defendant promoted Cidav to the position of Interim Chief Executive Officer. As a result thereof, the Dean of Academics position once again became available.

21. Immediately thereafter, Defendant promoted Mehmet Cogal ("Cogal"), a Turkish male with merely one (1) year of experience, to fill said open position.

22. Curiously, Defendant failed to notify the teaching staff of the open position until after promoting Cogal. Plaintiff remained qualified for the said position.

23. Plaintiff believes and avers that Defendant failed to promote Plaintiff based on her sex (female) and national origin (United States of America).

24. In addition to Defendant's discriminatory practices as articulated above, throughout the course of Plaintiff's employment, she became aware that the Defendant was engaging in various other practices, which she reasonably believed to be illegal and unethical.

25. By way of example, on numerous occasions, Defendant released the transcripts and school records of its students without appropriate written authorization, in violation of the Family Educational and Privacy Act (FERPA), 20 U.S.C. §1232g; 34 CFR Part 99.

26. By way of further example, Defendant purchased uniforms for its boys' basketball team, but failed to do so for its girls' cheerleader team, in violation of Title IX, Education Amendments of 1972, 20 U.S.C. §1681.

27. In addition thereto, less than seventy-five percent (75%) of Defendant's staff was certified for the academic years of 2009/2010 and 2010/2011, in violation of 24 Pa. Cons. Stat. § 17-1724-A.

28. As a direct result of Defendant's unlawful conduct and behavior, on or about August 21, 2011, Plaintiff filed a written complaint to both the Pennsylvania Department of Education and the School District of Philadelphia.

29. Subsequently, in or about August of 2012, in connection with Plaintiff's complaint of Defendant's unlawful behavior, Plaintiff was subpoenaed to testify against Defendant. Upon information and belief, Defendant learned of Plaintiff's complaints at or around this time.

30. On or about August 28, 2012, Plaintiff acted in accordance with the said subpoena and testified against Defendant. At all times material hereto, Defendant had knowledge of both the said complaint and testimony.

31. Merely two (2) days subsequent to Plaintiff's testimony, on or about August 30, 2012, Defendant effectively demoted Plaintiff, informing her that she would no longer hold the position of English Department Chair and reduced her compensation accordingly. Notably, Plaintiff had held said position since the commencement of her employment.

32. Plaintiff believes and therefore avers that Defendant demoted her employment in retaliation for making a good faith report of Defendant's wrongdoing to local government authorities, and/or based on her sex (female) and/or national origin (United States of America).

Plaintiff additionally believes and avers that the Defendant not only discriminated against her based on gender (female) and national origin (United States of America), but also believes and avers that the Defendant engaged in a pattern and practice of gender and national origin discrimination in order to prevent female and non-Turkish individuals from possessing the same earning power as male Turkish employees.

## COUNT I
### (Title VII- National Origin Discrimination)

33.     Plaintiff incorporates by reference paragraphs 1 through 32 of her Complaint as though fully set forth herein.

34.     The actions of Defendant, through its agents, servants and employees, in discriminating against Plaintiff because of her national origin (United States of America), and in engaging in a pattern and practice of national origin discrimination against non-Turkish employees, constituted a violation of Title VII.

35.     As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendant in violation of Title VII, Plaintiff has suffered permanent and irreparable harm causing her to sustain emotional distress, humiliation, embarrassment, loss of self-esteem, a loss of earnings, plus loss of back pay and front pay and interest due thereon.

## COUNT II
### (Title VII - Sex Discrimination)

36.     Plaintiff incorporates by reference paragraphs 1 through 35 of her Complaint as though fully set forth herein.

37. The actions of Defendant, through its agents, servants and employees, in subjecting Plaintiff to sex discrimination, and in engaging in a pattern and practice of sex discrimination against female employees, constituted a violation of Title VII.

38. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendant in violation of Title VII, Plaintiff has suffered permanent and irreparable harm causing her to sustain emotional distress, humiliation, embarrassment, loss of self-esteem, a loss of earnings, plus loss of back pay and front pay and interest due thereon.

## COUNT III
### (Equal Pay act)

39. Plaintiffs incorporate by reference paragraphs 1 through 38 of this Complaint as fully set forth at length herein.

40. The actions of Defendant, through its agents, servants and employees, in denying female employees, including, but not limited to, Plaintiff equal pay as similarly situated male employees, constituted a violation of the Equal Pay Act.

41. The unlawful discriminatory employment practices engaged in by Defendant were willful and in violation of the provisions of the Equal Pay Act.

42. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendant in violation of the Equal Pay Act, Plaintiff sustained permanent and irreparable harm to her employment relationship with Defendant causing her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

## COUNT IV
### (PHRA-National Origin Discrimination)

43. Plaintiff incorporates by reference paragraphs 1 through 42 of her Complaint as though fully set forth at length herein.

44. The actions of Defendant, through its agents, servants and employees, in discriminating against Plaintiff because of her national origin (United States of America), and in engaging in a pattern and practice of national origin discrimination against non-Turkish employees, constituted a violation of the PHRA.

45. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendant, in violation of the PHRA, Plaintiff has suffered permanent and irreparable harm causing her to sustain emotional distress, humiliation, embarrassment, loss of self-esteem, a loss of earnings, plus loss of back pay and front pay and interest due thereon.

## COUNT V
### (PHRA–Sex Discrimination)

46. Plaintiff incorporates by reference paragraphs 1 through 45 of her Complaint as though fully set forth herein.

47. The actions of Defendant, through its agents, servants and employees, in subjecting Plaintiff to sex discrimination, and in engaging in a pattern and practice of sex discrimination against female employees, constituted a violation of the PHRA.

48. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendant in violation of the PHRA, Plaintiff has suffered permanent and irreparable harm causing her to sustain emotional distress, humiliation, embarrassment, loss of self-esteem, a loss of earnings, plus loss of back pay and front pay and interest due thereon.

## COUNT VI
### (Pennsylvania Whistleblower Law)

49. Plaintiff incorporates by reference paragraphs 1 through 48 of this Complaint as though fully set forth at length herein.

50. The actions of the Defendants, through their agents, servants and employees, in demoting Plaintiff's position of employment in retaliation for registering a good faith report of Defendant's wrongdoing, as aforesaid, with an appropriate authority, constituted a violation of the Pennsylvania Whistleblower Law.

51. As a direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant, in violation of the Pennsylvania Whistleblower Law, Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem, and has sustained a loss of earnings, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## PRAYER FOR RELIEF

52. Plaintiff incorporates by reference paragraphs 1 through 51 of her Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in her favor and against Defendant, and order that:

a. Defendant compensate Plaintiff with a rate of pay and other benefits and emoluments of employment to which she would have been entitled had she not been subjected to unlawful discrimination;

b.	Defendant compensate Plaintiff with an award of front pay, if appropriate;

c.	Defendant pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses as allowable;

d.	Defendant pay to Plaintiff punitive damages, pre- and post-judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

e.	Defendant pay to Plaintiff liquidated damages, as allowable;

f.	The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

SIDNEY L. GOLD & ASSOCIATES, P.C.

By: */s/Sidney L. Gold, Esquire*
SIDNEY L. GOLD, ESQUIRE
I.D. NO.: 21374
VALERIE WEISMAN, ESQUIRE
I.D. NO.: 311449
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
***Attorneys for Plaintiff***

Dated:	February 25, 2013

## VERIFICATION

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATE: 12/8/2012

REGENNA JALON, Plaintiff